UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, by and through Navjeet Bal, Commissioner of Department, of Revenue, <br>    Plaintiff <br><br>vs. <br><br>COUTO'S REALTY INVESTMENT CO. II, LLC, and SOVEREIGN BANK, <br>    Defendants and <br>    Third Party Plaintiffs <br>v. <br><br>MAURICE B. WYMAN and MICHAEL P. WYMAN, Individually and as Trustees of the, <br>M & M WYMAN TRUST <br>    Third Party Defendants | Civil Action No. 10- 10891-PBS <br><br>Judge Patti B. Saris <br><br>Magistrate Judge <br>Marianne B. Bowler |

AFFIDAVIT OF DONALD E. MCGURK
IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I, Donald E. McGurk, of 200 Arlington Street, Chelsea, Massachusetts, 02150, being duly

sworn, on oath do hereby make this affidavit in support of plaintiff's motion for summary

judgment in the above-captioned case, and do depose and state under penalty of perjury as

follows.

I.      **MDOR'S Tax Assessments and Tax Liens Against Maurice and Michael**

1.      I am employed by the Massachusetts Department of Revenue ("MDOR") as a Tax

Supervisor in the Collections Bureau. I have worked for MDOR for approximately twenty-nine

years, and have personal knowledge of the matters stated herein.

2.      My responsibilities include utilizing the records of MDOR (a) to ascertain the

Massachusetts tax return filing histories of taxpayers, (b) to identify tax assessments and demands

for payment thereof made against and issued to taxpayers by MDOR, (c) to file, or request the

filing, of notices of tax liens based on those assessments that have been recorded with the county registries of deeds, pursuant to G.L. c. 62C, § 50, and (d) to calculate the tax liabilities of taxpayers, including applicable interest and penalties.  These records include paper documents, as well as records maintained on the MDOR computer system known as "Masstax."  These records were made in good faith, in the regular course of MDOR's business, before the above-captioned action was commenced, by persons with personal knowledge of the facts recorded, and it was the usual course of MDOR's business to make those entries at the time of the event recorded or within a reasonable time thereafter.

      3.     MDOR's records contains entries setting forth a record of the following facts for Maurice B. Wyman ("Maurice") and Michael P. Wyman ("Michael"):

      a.     The dates and the amounts of tax assessed by MDOR against Maurice and Michael pursuant to G.L. c. 62C, § 30 as the result of a final determination by the IRS of the federal government ("IRS") of a change in taxable income;

      b.     The dates on which Maurice and Michael filed Massachusetts personal income tax returns, together with the amount of the personal income tax reported thereon as due and assessed pursuant to G.L. c. 62C, § 26;

      c.     The amount of statutory penalties and statutory interest that has accrued on the foregoing tax assessments, pursuant to G.L. c. 62C, §§ 32 and 33;

      d.     Demands made to Maurice and Michael by MDOR for payment of the assessments;

      e.     All voluntary and involuntary payments, collections, refunds, or adjustments applied to the tax liabilities of Maurice and Michael, and

      f.     Whether Maurice or Michael has filed for an abatement of a tax assessment as authorized by G.L. c. 62C, § 37.

      4.     MDOR's records show that MDOR made and issued two different types of tax assessments against Maurice and Michael for the taxable years 1993 - 1999 and 2002:

      a.     Assessments pursuant to G.L. c. 62C, § 30, based on a determination by the IRS that there was an increase from the amount they previously reported as taxable income on their federal tax return ("Federal Change Assessment" or "FC"); and

b.      Assessments pursuant to G.L. c. 62C, § 26, based on the amount shown as the tax
due upon Massachusetts income tax returns filed with MDOR ("Tax Return
Assessment" or "TR").

### A.      Maurice

**Federal Change Assessments**

5.      **Exhibits A, B, and C**: As against Maurice, MDOR's records show that MDOR

issued Federal Change Assessments for each of the tax years 1993 - 1999.

a.      Attached hereto as **Exhibit A** are true copies of MDOR's Bureau of Desk Audit
records that relate to the Federal Change Assessment issued against Maurice for the
years 1993, 1994, and 1995 (**Ex. A-1**, seven pages), 1996, 1997, and 1998 (**Ex. A-
2**, six pages), and 1999 (**Ex. A-3**, three pages).

  i.      Pursuant to G.L. c. 62C, § 30, if the IRS makes a determination increasing a
taxpayer's federal taxable income, the taxpayer is required to report the
determination to MDOR and pay any additional Massachusetts income tax
due with interest.

  ii.      Where no report is filed, MDOR is required to issue a Federal Change
Assessment against a taxpayer within two (2) years after the date MDOR
receives information from the federal government that the IRS has made a
determination increasing the taxpayer's federal taxable income (the
"Section 30 Deadline)."

  iii.      The Section 30 Deadline is shown on Ex. A-1, Ex. A-2, and Ex. A-3 in the
"Audit Log And On-Line Workbook" for each of the years 1993-1999, on
the line marked "sec30."

b.      **Ex. A-1**: On June 5, 2002, MDOR received information from the federal
government showing that the IRS had made a final determination increasing
Maurice's federal taxable income for the years 1993, 1994, and 1995. The Section
30 Deadline for this determination was June 5, 2004.

c.      **Ex. A-2**: On March 21, 2003, MDOR received information from the federal
government showing that the IRS had made a final determination increasing
Maurice's federal taxable income for the years 1996, 1997, and 1998. The Section
30 Deadline for this determination was March 21, 2005.

d.      **Ex. A-3**: On June 9, 2004, MDOR received information from the federal
government showing that the IRS had made a final determination increasing
Maurice's federal taxable income for the year 1999. The Section 30 Deadline for
this determination was June 9, 2006.

e.   MDOR's records show that Maurice did not report these final determinations to MDOR.

f.   For each of the years 1993-1999, MDOR calculated the additional Massachusetts income tax attributable to the increases in federal taxable income for each year. Attached hereto as **Exhibit B** are true copies of the Notices of Intention to Assess ("NIA") the Federal Change Assessment that MDOR sent to Maurice, pursuant to G.L. c. 62C, § 26(b).

   i.   **Ex. B-1**:   The NIA for the years 1993, 1994, and 1995 were dated April 27, 2003, and stated a response due date of May 27, 2002;

   ii.   **Ex. B-2**:   The NIA for the years 1996, 1997, and 1998 were dated November 2, 2003, and stated a response due date of December 2, 2003;

   iii.   **Ex. B-3**:   The NIA for the years 1999 was dated January 3, 2006, and stated a response due date of February 2, 2006.

g.   The following calculation of the proposed Federal Change Assessment for each year is shown on the "Audit Log And On-Line Workbook," showing the increase in the amount of taxable income without the calculation of the tax due, and on page 3 of each NIA, showing the calculation of the tax assessment (all dollar amounts have been rounded to the nearest dollar, and interest was calculated to the response due date noted above):

| Tax Year | Reason for Change To Income | Amount of Adjustment | Amount of Proposed Assessment | | | |
|---|---|---|---|---|---|---|
| | | | Tax | Interest | Penalty | Total |
| 1993 | Dividend Income | $ 58,506 | | | | |
| | Capital Gain | 135,212 | $23,246 | 27,885 | 100 | 51,231 |
| 1994 | Dividend Income | 96,535 | | | | |
| | Capital Gain | 112,478 | 25,081 | 26,897 | 100 | 52,079 |
| 1995 | Capital Gain Distribution | 50,304 | | | | |
| | S-Corp Income | 1,829 | 6,145 | 5,073 | 100 | 11,377 |
| 1996 | LT Capital Gain | 483,772 | | | | |
| | Dividend Income | 13,363 | | | | |
| | Sch E Income | 69,899 | 29,951 | 22,261 | 100 | 52,312 |
| 1997 | LT Capital Gain | 194,134 | | | | |
| | Other income/life ins. | 19,139 | 10,845 | 6,335 | 100 | 17,280 |
| 1998 | LT Capital Gain | 119,508 | | | | |
| | Dividend Income | 141,442 | 21,753 | 9,477 | 100 | 31,610 |
| 1999 | Dividend Income | 160,059 | | | | |
| | Long-term capital gain | (16,398) | 9,195 | 4,774 | 100 | 14,069 |

h.   MDOR's records show that Maurice did not respond to the NIA's.

i.   MDOR's records show that the proposed Federal Change Assessment amounts shown on the NIA's and set forth in the foregoing table were assessed against Maurice, with additional interest calculated through the date the payment was due,

in the total amount of $231,568. True copies of the Notices of Assessment ("NOA") and demand for payment sent to Maurice, pursuant to G.L. c. 62C, § are attached hereto as **Exhibit C**:

  i.   **Ex. C-1:**   The NOA for the years 1993, 1994, and 1995 were dated June 10, 2003 (prior to the June 5, 2004, Section 30 Deadline), and show the total assessment of $115,383.

  ii.  **Ex. C-2:**   The NOA for the years 1996, 1997, and 1998 were dated December 27, 2003 (prior to the March 21, 2005, Section 30 Deadline), and show the total assessment of $101,967.

  iii. **Ex. C-3:**   The NOA for the year 1999 was dated February 27, 2006 (prior to the June 9, 2006, Section 30 Deadline), and shows the total assessment of $14,218.

  j.   MDOR's records show that Maurice did not file an application for an abatement of the foregoing Federal Change assessments, as authorized by G.L c. 62C, § 37, that additional written demands for payment were sent to Maurice, that Maurice has not paid these Federal Change Assessments in full, and that as of November 13, 2009, the tax assessed, plus statutory interest and penalty thereon, remained unpaid.

## Tax Return Assessments

6.     MDOR's records show that Maurice filed Massachusetts personal income tax returns showing a tax due for tax year 2002 on October 15, 2003. The tax shown as due on the return was assessed pursuant to G.L. c. 62C, § 26. Maurice has not paid this Tax Return Assessment in full. As of November 13, 2009, this tax, plus statutory interest and penalty thereon, remained unpaid.

## Total Unpaid Tax Liability as of November 13, 2009

7.     MDOR's records show that, as of November 13, 2009, after credits for payments, there was a total balance due from Maurice of approximately $386,440, based on the two types of assessment (Federal Change "FC" and Tax Return "TR"):

| Tax Year | Assessment Type | Date Tax Assessed | Tax | Interest | Penalty | Credits | Balance Due |
|---|---|---|---|---|---|---|---|
| 1993 | FC | 06/08/03 | 23,246 | 47,047 | 1,732 | (23,914) | $ 48,112 |
| 1994 | FC | 06/08/03 | 25,081 | 58,580 | 6,370 | 0 | 90,032 |
| 1995 | FC | 06/08/03 | 6,145 | 9,426 | 627 | ( 4,385) | 11,814 |

5

| 1996 | FC | 12/23/03 | 29,951 | 51,759 | 7,593 | 0 | 89,303 |
| 1997 | FC | 12/23/03 | 10,845 | 16,148 | 2,811 | 0 | 29,805 |
| 1998 | FC | 12/23/03 | 21,753 | 26,973 | 5,349 | ( 756) | 53,319 |
| 1999 | FC | 02/17/06 | 9,195 | 9,634 | 2,403 | 0 | 21,233 |
| 2002 | TR | 10/15/03 | 46,428 | 15,033 | 6,675 | (25,315) | 42,822 |
| | | | | | | | $ 386,440 |

8.  Attached hereto as **Exhibit D** is an extract from MDOR's Masstax computer records, showing the liabilities set forth above.

a.  On **Exhibit D**, the numerical code "720" listed under the column headed "Trans Type" refers to the Federal Change Assessments described in paragraph 5, and the numerical code "101" refers to the Tax Return Assessments described in paragraph 6.

b.  **Exhibit D** has been redacted by striking out the rows that do not reflect the liabilities set forth above, and by deleting privileged, proprietary, or confidential information.

**Tax Liens**

9.  Attached hereto as **Exhibit E** are certified copies of the Notices of Tax Lien that MDOR recorded at the Barnstable County Registry of Deeds based on the foregoing Federal Change and Tax Return Assessment, pursuant to Mass. G.L. c. 62C, § 50.

| Date Recorded | Book | Page | Tax Years Listed on Notices of Lien |
| --- | --- | --- | --- |
| 10/16/03 | 17800 | 296 | 1993, 1994, 1995 |
| 03/29/04 | 18371 | 64 | 2002 |
| 04/09/04 | 18428 | 350 | 1996, 1997, 1998 |
| 11/19/07 | 22480 | 86 | 1999 |

10.  The amounts shown as due on the Notices of Tax Lien are equal to the unpaid tax plus statutory interest and penalty that had accrued up to the date of the Notice of Tax Lien. Statutory interest on the tax liens continues to accrue until the entire liability is paid in full.

**B.    Michael**

**Federal Change Assessments**

11.  **Exhibits F, G, and H**: As against Michael, MDOR's records show that MDOR issued Federal Change Assessments for each of the tax years 1993 – 1995 and 1997-1999.

a.  Attached hereto as **Exhibit F** are true copies of MDOR's Bureau of Desk Audit records that relate to the Federal Change Assessment issued against Michael for the years 1993, 1994, and 1995 (**Ex. F-1**, seven pages), 1997 and 1998 (**Ex. F-2**, five pages), and 1999 (**Ex. F-3**, three pages).

    i.  As noted above, pursuant to G.L. c. 62C, § 30, if the IRS makes a determination increasing a taxpayer's federal taxable income, the taxpayer is required to report the determination to MDOR and pay any additional Massachusetts income tax due with interest.

    ii.  Pursuant to G.L c. 62C, § 30, MDOR is required to issue a Federal Change Assessment against a taxpayer not later than two (2) years after the date MDOR receives information that the Internal Revenue has made a determination increasing the taxpayer's federal taxable income (the "Section 30 Deadline)."

    iii.  The Section 30 Deadline is shown on Ex. F-1, Ex. F-2, and Ex. F-3 in the "Audit Log And On-Line Workbook" for each of the years 1993- 1995 and 1997 - 1999 on the line marked "sec30."

b.  **Ex. F-1**: On June 5, 2002, MDOR received information from the federal government showing that the IRS had made a final determination increasing Michael's federal taxable income for the years 1993, 1994, and 1995. The Section 30 Deadline for this determination was June 5, 2004.

c.  **Ex. F-2**: On March 21, 2003, MDOR received information from the federal government showing that the IRS had made a final determination increasing Michael's federal taxable income for the years 1997 and 1998. The Section 30 Deadline for this determination was March 21, 2005.

d.  **Ex. F-3**: On June 9, 2004, MDOR received information from the federal government showing that the IRS had made a final determination increasing Michael's federal taxable income for the year 1999. The Section 30 Deadline for this determination was June 9, 2006.

e.  MDOR's records show that Michael did not report these final determinations to MDOR.

f.  For each of the years 1993-1995 and 1997-1999, MDOR calculated the additional Massachusetts income tax attributable to the increases in federal taxable income for each year. Attached hereto as **Exhibit G** are true copies of the Notices of Intention to Assess ("NIA") the Federal Change Assessment that MDOR sent to Michael.

    i.  **Ex. G-1**:  The NIA for the years 1993, 1994, and 1995 were dated July 19, 2003, and stated a response due date of August 18, 2003;

    ii.  **Ex. G-2**:  The NIA for the years 1997 and 1998 were dated September 21, 2003, and stated a response due date of October 21, 2003;

      iii.   **Ex. G-3:**   The NIA for year 1999 was dated January 3, 2006, and stated a response due date of February 2, 2006.

g.   The following calculation of the proposed Federal Change Assessment for each year is shown on the "Audit Log And On-Line Workbook," showing the increase in the amount of taxable income without the calculation of the tax due, and on page 3 of each NIA, showing the calculation of the tax assessment (all dollar amounts have been rounded to the nearest dollar, and interest was calculated to the response due date noted above):

| Tax Year | Reason for Change To Income | Amount of Adjustment | Amount of Proposed Assessment | | | |
|---|---|---|---|---|---|---|
| | | | Tax | Interest | Penalty | Total |
| 1993 | Dividend Income | $ 58,506 | | | | |
| | Capital Gain | 115,797 | $ 20,916 | 25,717 | 0 | 46,634 |
| 1994 | Dividend Income | 96,536 | | | | |
| | Capital Gain | 129,846 | 27,159 | 29,794 | 0 | 56,954 |
| 1995 | Other Income | 1,160 | | | | |
| | Schedule E Income | 1,828 | | | | |
| | Capital Gain | 47,065 | 5,825 | 4,826 | 0 | 10,652 |
| 1997 | Alimony Deduction | 30,000 | | | | |
| | LT Capital Gain | 214,643 | | | | |
| | Other income | 18,407 | 13,612 | 7,827 | 0 | 13,612 |
| 1998 | LT Capital Gain | 67,092 | | | | |
| | Dividend Income | 141,442 | 19,656 | 8,708 | 100 | 28,465 |
| 1999 | Schedule Y Adjustments | 58,000 | | | | |
| | Dividend Income | 119,481 | | | | |
| | Long-term capital gain | (16,398) | 10,232 | 5,312 | 100 | 15,644 |

h.   MDOR's records show that Michael did not respond to the NIA's.

i.   MDOR's records show that the proposed Federal Change Assessment amounts shown on the NIA's were assessed against Michael, with additional interest calculated through the date the payment was due. True copies of the Notices of Assessment ("NOA") and demand for payment are attached hereto as **Exhibit H**:

      i.   **Ex. H-1:**   The NOA for the years 1993, 1994, and 1995 were dated September 24, 2003 (prior to the June 5, 2004, Section 30 Deadline), and show the total assessment of $115,429.77.

      ii.   **Ex. H-2:**   The NOA for the years 1997 and 1998 were dated November 25, 2003 (prior to the March 21, 2005 Section 30 Deadline), and show the total assessment of $50,451.96 .

      iii.   **Ex. H-3:**   The NOA for the year 1999 was dated February 20, 2006 (prior to the June 9, 2006, Section 30 Deadline), and shows the total assessment of $15,809.83..

j.   MDOR's records show that Michael did not file an application for an abatement of the foregoing Federal Change Assessments, as authorized by G.L c. 62C, § 37, that

written demands for payment were sent to Michael, that Michael did not pay these Federal Change Assessments in full, and that as of November 13, 2009, the tax assessed, plus statutory interest and penalty thereon, remained unpaid.

**Tax Return Assessments**

12.    MDOR's records show that Michael filed a Massachusetts personal income tax return showing a tax due for tax year 2002 on October 15, 2003. The tax shown as due on the return was assessed pursuant to G.L. c. 62C, § 26. Michael did not pay the Tax Return Assessment in full. As of April 24, 2008, these taxes, plus statutory interest and penalty thereon, remained unpaid.

**Total Unpaid Tax Liability as of November 13, 2009**

13.    MDOR's records show that, as of November 13, 2009, after credits for payments, there was a total balance due from Michael of approximately $289,775, based on the two types of assessment (Federal Change "FC" and Tax Return "TR"):

| Tax Year | Assessment Type | Date Tax Assessed | Tax | Interest | Penalty | Credits | Balance Due |
|---|---|---|---|---|---|---|---|
| 1993 | FC | 09/20/03 | 20,916 | 41,190 | 1,237 | (24,516) | 38,827 |
| 1994 | FC | 09/20/03 | 27,160 | 62,077 | 6,469 | ( 2,912) | 92,782 |
| 1995 | FC | 09/20/03 | 5,826 | 11,104 | 1,456 | 0 | 18,387 |
| 1997 | FC | 11/24/03 | 13,612 | 20,285 | 3,508 | 0 | 37,406 |
| 1998 | FC | 11/24/03 | 19,657 | 25,295 | 5,014 | 0 | 49,966 |
| 1999 | FC | 02/17/06 | 10,232 | 10,716 | 2,663 | 0 | 23,612 |
| 2002 | TR | 10/15/03 | 39,411 | 10,123 | 4,517 | (25,257) | 28,795 |
| | | | | | | | $289,775 |

14.    Attached hereto as **Exhibit I** is an extract from MDOR's computer records showing the liabilities set forth above.

a.    On **Exhibit I**, the numerical code "720" listed under the column headed "Trans Type" refers to the Federal Change Assessments described in paragraph 11, and the numerical code "101" refers to the Tax Return Assessment described in paragraph 12.

b.    **Exhibit I** has been edited by striking out the rows that do not reflect the liabilities set forth above, and by deleting privileged, proprietary, or confidential information.

9

**Tax Liens**

15.    Attached hereto as **Exhibit J** are certified copies of the Notices of Tax Lien that

MDOR recorded at the Barnstable County Registry of Deeds based on the foregoing Federal

change Assessments and Tax Return Assessments, pursuant to Mass. G.L. c. 62C, § 50.

| Date Recorded | Book | Page | Tax Years Listed on Notices of Lien |
|---|---|---|---|
| 02/24/04 | 18245 | 96 | 1993, 1994, 1995 |
| 04/09/04 | 18428 | 349 | 1997, 1998, 2002 |
| 11/19/07 | 22480 | 83 | 1999 |

16.    The amounts shown as due on the Notices of Tax Lien are equal to the unpaid tax

plus statutory interest and penalty that had accrued up to the date of the Notice of Tax Lien.

Statutory interest on the tax liens continues to accrue until the entire liability is paid in full.

## II.    Records From The Barnstable Registry of Deeds

17.    The following documents and information was obtained from the public records of

the Barnstable Registry of Deeds (the "Registry").

18.    **Exhibits K, L, M, N, O, and P:** MDOR requested and obtained certified copies of

the following documents from the Registry, which are attached as exhibits hereto in chronological

order:

a.    **Exhibit K:**    The declaration of trust by Maurice B. Wyman and Michael P.
Wyman creating the M & M Wyman Trust, Maurice B. Wyman and Michael B.
Wyman, trustees, dated August 31, 1972, and recorded in the Registry on
September 14, 1972, at Book 1720, Page 308, and shown as Document No. 428688
on Transfer Certificate of Title No. 94814 (the "Declaration of Trust").

b.    **Exhibit L:**    Two quitclaim deeds conveying to Maurice B. Wyman and Michael
B. Wyman, Trustees, title to two parcels of real estate (the "Bourne Property"):

    i.    **Ex. L-1:** Transfer Certificate of Title No. 94814 and Quitclaim deed, dated
December 23, 1983, from William D. and Margaret C. Paul to Michael P.
Wyman and Maurice B. Wyman, Trustees of M. & M. Wyman Trust, and

    ii.    **Ex. L-2**: Quitclaim Deed from Burger King Corporation to Michael P. Wyman and Maurice B. Wyman, Trustees of M. & M. Wyman Trust, dated May 6, 1987, recorded in the Registry on May 11, 1987, at Book 5175, Page 26-27.

c.    **Exhibit M**:    First Amendment to M. & M. Wyman Trust, dated November 10, 1993, recorded in the Registry on December 8, 1993, at Book 8932 Page 263, and shown as Document No. 600913 on Transfer Certificate of Title No. 94814.

d.    **Exhibit N**:    Quitclaim Deed from Michael P. Wyman and Maurice B. Wyman, Trustees of M. & M. Wyman Trust, to Couto's Realty Investment Co., LLC, dated March 24, 2008, and recorded in the Registry on April 24, 2008, at Book 22855, Page 51, with Transfer Certificate of Title No. 185747, dated April 24, 2008.

e.    **Exhibit O**:    Mortgage from Couto's Realty Investment Co., LLC, to Sovereign Bank, dated April 22, 2008, and recorded in the Registry on April 24, 2008, at Book 22855, Page 55, and on Transfer Certificate of Title No. 185747 as Document No.1088036.

19.    No release of MDOR's notices of tax liens described in paragraphs 9 and 15 was recorded prior to the conveyance to Couto's Realty Investment Co., LLC, on April 24, 2008, and MDOR's records do not show that a release of those tax liens has ever been authorized or issued.

20.    **Exhibit P**:    The following pages, attached hereto as **Exhibit P**, are true and correct copies from the Registry's website at the URL address http://www.barnstabledeeds.org.

a.    The Registry's home page (Ex. P(1), one page). The Registry's Home Page shows a link identified as "Search Public Records." This link leads to:

b.    The Registry's Public Access site (Ex. P(2-4), three pages). The Registry's Public access site shows the following two links:

    i.    One link, identified as "How Names are Indexed In the Computer," leads to a narrative description of how the Registry creates the index of names, title "Guide To How Names Are Indexed In The Computer" (Ex. P(5-7), three pages);

    ii.    The other link, identified as "Free Access," leads to the Registry's Free Public Access site (Ex. P(8), one page). The Registry's Free Public Access site shows a link identified as "Click here to Search Public Records." This link leads to:

    iii.    The Registry's Main Menu for access to public records (Ex. P(9), one page).

21.    **Exhibits Q, R, S, T, U, and V:**    The instructions on Ex. P(9), the Registry's Main Menu for access to public records, states, "Please click on the type of inquiry you want to perform."

An inquiry on "Recorded Land by Name" and "Land Court by Name" for "Maurice Wyman," "Michael Wyman," and "M & M Wyman Trust" leads to **Exhibits Q - V,** a complete list of documents indexed for each name as they appear on the Registry's website.  Since the Bourne Property is located in the Town of Bourne, the documents identified on **Exhibits Q - V** that relate directly to the Bourne Property are identified in the column captioned "Town/Date Received" by the word "Bourn."

The documents identified on **Exhibits Q - V** that relate to all the real estate located in Barnstable County are identified in the column captioned "Document Desc/Document Type" by the words "All Real Estate."

a.    **Exhibit Q:**    Recorded Land, indexed under the name "Maurice Wyman."

b.    **Exhibit R:**    Land Court, indexed under the name "Maurice Wyman."

c.    **Exhibit S:**    Recorded Land, indexed under the name "Michael Wyman."

d.    **Exhibit T:**    Land Court, indexed under the name "Michael Wyman."

e.    **Exhibit U:**    Recorded Land, indexed under the name "M & M Wyman Trust."

f.    **Exhibit V:**    Land Court, indexed under the name "M & M Wyman Trust."

22.    MDOR's Notices of Tax Lien against Maurice (**Exhibit E**) are indexed on **Exhibit Q - Recorded Land**, under the name "Maurice Wyman."  The Notices of Tax Lien are identified on **Exhibit Q** as relating to all real estate in Barnstable County, including the Bourne Property.

12

23.    MDOR's Notices of Tax Lien against Michael (**Exhibit J**) are indexed on **Exhibit S - Recorded Land**, under the name "Michael Wyman." The Notices of Tax Lien are identified on **Exhibit S** as relating to all real estate in Barnstable County, including the Bourne Property.

Further your affiant sayeth naught.

Signed under the pains and penalties of perjury this 26TH day of August, 2010

Donald E. McGurk
Tax Supervisor, Massachusetts Department of
Revenue

13

# Commonwealth of Massachusetts

Suffolk, SS

On this **26th** day of August, 2010, before me, the undersigned notary public, personally appeared Donald E. McGurk, who proved to me through satisfactory identification, which was his Massachusetts driver's license, to be the person whose name is signed on the preceding document, and who swore and affirmed to me under oath and penalty of perjury that the contents of the document are truthful and accurate to the best of his knowledge and belief.

*Michael P. McEleney*

*Michael P. McEleney*
[Printed Name]
Notary Public, Commonwealth of Massachusetts
My Commission Expires **December 23, 2016**

14

## EXHIBITS TO AFFIDAVIT OF DONALD E. McGURK

### I.  MDOR'S Tax Assessments and Tax Liens Against Maurice and Michael

**Description of Exhibit**                                                      **Exhibit  No.**

MDOR's Bureau of Desk Audit records relating to Federal Change
Assessment against Maurice for the years 1993 - 1999 ................................................A
    1993-1995...............................................................................................................A-1
    1996-1998...............................................................................................................A-2
    1999 .......................................................................................................................A-3

Notices of Intention to Assess Federal Change Assessment issued to
Maurice for the years 1993 - 1999...........................................................................B
    1993-1995...............................................................................................................B-1
    1996-1998...............................................................................................................B-2
    1999 .......................................................................................................................B-3

Notices of Federal Change Assessment issued to Maurice for the years
1993 - 1999................................................................................................................C
    1993-1995...............................................................................................................C-1
    1996-1998...............................................................................................................C-2
    1999 .......................................................................................................................C-3

MDOR's Masstax computer record of tax liabilities of Maurice as of
November 13, 2009 ..................................................................................................D

Notices of Tax Liens against Maurice.......................................................................E

MDOR's Bureau of Desk Audit records relating to Federal Change
Assessment against Michael for the years 1993 - 1999.............................................F
    1993-1995...............................................................................................................F-1
    1996-1998...............................................................................................................F-2
    1999 .......................................................................................................................F-3

Notices of Intention to Assess Federal Change Assessment issued to
Michael for the years 1993 - 1999............................................................................G
    1993-1995...............................................................................................................G-1
    1996-1998...............................................................................................................G-2
    1999 .......................................................................................................................G-3

Notices of Federal Change Assessment issued to Michael for the years
1993 - 1999................................................................................................................H
    1993-1995...............................................................................................................H-1
    1996-1998...............................................................................................................H-2
    1999 .......................................................................................................................H-3

MDOR's Masstax computer record of tax liabilities of Michael as of
November 13, 2009 ...................................................................................................I

Notices of tax liens against Michael..........................................................................J

## II. Records From The Barnstable Registry of Deeds

**Description of Exhibit**                                                    **Exhibit No.**

Declaration of trust by Maurice B. Wyman and Michael B. Wyman
creating the M & M Wyman Trust, Maurice B. Wyman and Michael B.
Wyman, trustees, dated August 31, 1972, recorded on September 14,
1972, at book 1720 page 308.........................................................................................K

Deeds to Maurice Wyman and Michael Wyman, Trustees ......................................... L
    Transfer Certificate of Title No. 94814 and Deed from William D. and
    Margaret C. Paul to Maurice Wyman and Michael Wyman, Trustees,
    recorded 12/23/83 ............................................................................................... L-1

    Quitclaim Deed from Burger King Corporation to Michael P. Wyman
    and Maurice B. Wyman, Trustees of M. & M. Wyman Trust, dated
    May 6, 1987, recorded in Registry at Book 5175, Page 26-27................................. L-2

First Amendment to M. & M. Wyman Trust, dated November 10, 1993,
recorded on December 8, 1993, at Book 8932 Page 263, and shown as
Document No. 600913 on Transfer Certificate of Title No. 94814. ........................... M

Quitclaim Deed to Couto's Realty Investment Co. II, LLC .........................................N

Mortgage to Sovereign Bank.......................................................................................O

Printout of nine pages from the Registry's website.....................................................P

Printout of list of Recorded Land documents indexed under "Maurice Wyman".........Q

Printout of list of Land Court documents indexed under "Maurice Wyman"............. R

Printout of list of Recorded Land documents indexed under "Michael Wyman".........S

Printout of list of Land Court documents indexed under "Michael Wyman" ............. T

Printout of list of Recorded Land documents indexed under "M & M Wyman Trust"U

Printout of list of Land Court documents indexed under "M & M Wyman Trust" ..... V