IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF MASSACHUSETTS, BY and THROUGH NAV JET BAL, COMMISSIONER OF THE DEPARTMENT OF REVENUE OF THE COMMONWEALTH OF MASSACHUSETTS, | ) ) ) ) ) ) | Civil No: 1:10-cv-10891<br><br>Judge Patti B. Saris<br><br>Magistrate Judge Marianne B. Bowler |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| COUTO'S REALTY INVESTMENT CO., II, LLC, and SOVEREIGN BANK, | ) ) ) | |
| Defendants and Third Party Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| MAURICE B. WYMAN and MICHAEL P. WYMAN, individually and as Trustees of the M&M WYMAN TRUST, | ) ) ) ) | |
| Third Party Defendants, | ) ) | |
| and | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff in Intervention. | ) | |

UNITED STATES OF AMERICA'S MEMORANDUM OF LAW IN SUPPORT OF ITS
RESPONSE IN OPPOSITION TO COUTO'S REALTY INVESTMENT CO., II, LLC &
SOVEREIGN BANK'S, AND THE COMMONWEALTH OF MASSACHUSETTS' MOTIONS
TO DISMISS THE COMPLAINT IN INTERVENTION

The United States of America, in accordance with LOCAL RULE 7.1(a)(2), submits this

memorandum of law in support of its opposition to: (1) the plaintiff Commonwealth of

Massachusetts' motion to dismiss (docket # 22), and (2) the defendant/third party plaintiffs Couto's Realty Investment Co., II, LLC, and Sovereign Bank's motion to dismiss (docket # 18).

## I. BACKGROUND

This action arises out of a case filed by the Commonwealth of Massachusetts (the "Commonwealth"), in the Superior Court for Suffolk County, Massachusetts, to enforce its state tax liens on property at 278 Main Street, Bourne (Buzzards Bay), Massachusetts.

A.    The Buzzards Bay Property

The Buzzards Bay Property was initially purchased by the M & M Wyman Trust (the "Trust") via quit claim deed, dated May 6, 1987, and recorded with the Barnstable County Registry of Deeds on May 11, 1987. On April 24, 2008, Couto's Realty Investment Co., II. LLC ("Couto"), recorded a quitclaim deed to the Buzzards Bay Property and Couto then granted a mortgage in favor of Sovereign Bank ("Sovereign"). By its own terms, the Trust terminated on August, 30, 1992, and the trust beneficiaries, Michael and Maurice Wyman (collectively, the "Wymans"), became the owners of the Buzzards Bay Property.

B.    The M & M Wyman Trust

On August 31, 1972, the Wymans executed a Declaration of Trust (*see* docket #18-1), which was recorded with the Barnstable County registry of Deeds on September 14, 1972. The Wymans were both the Trustees of the Trust and its only beneficiaries.[1] *See* docket # 18-2, p. 2. The Trust was to last for twenty (20) years from August 31, 1972, and for whatever period of time is necessary to liquidate and distribute the assets of the Trust. *See* docket # 18-1, ¶ O.

---

[1] Under Massachusetts law, a trust in which the sole trustee is the sole beneficiary is a nullity, and the trust is a mere alias. *See In re Szwyd*, 346 B.R. 290, 293 (Bankr. D. Mass. 2006) , *aff'd* 370 B.R. 882 (1st Cir. B.A.P. 2007).

Furthermore, no alterations or amendments were permitted to be made to the Trust that would extend the term of the Trust beyond its twenty (20) year term. *See* docket # 18-1, ¶ N. On August 31, 1992, the Trust's twenty (20) year term ran its course. More than fourteen (14) months later, on November 10, 1993, the Wymans' executed a "First Amendment to M. & M. Wyman Trust." Docket # 18-2. The Amendment was recorded with the Barnstable County Registry of Deeds on December 8, 1993.

C.  Procedural History

The United States filed a motion to intervene in the state court action on March 5, 2010. That motion was granted, and the United States removed the action to the District Court on May 27, 2010. The United States' complaint in intervention seeks to enforce its federal tax liens, arising out of the Wymans' unpaid tax liabilities upon the Buzzards Bay Property. The United States maintains that the federal tax liens attached to the Buzzards Bay Property upon termination of the Trust on August 31, 1992. Both Couto and the Commonwealth have moved to dismiss.

II. ANALYSIS

A.  Legal Standard

Couto, Sovereign and the Commonwealth (collectively, the "Movants") move to dismiss the United States' Complaint for failure to state a claim upon which relief can be granted. When considering a motion for dismissal under FED. R. CIV. P. 12(b)(6), the Court must accept as true well-pleaded allegations and give plaintiffs the benefit of all reasonable inferences, and dismiss only if the complaint presents no set of facts that justify recovery. *Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir. 1999). A plaintiff must plead "enough facts to state a claim to

relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (retiring the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Id*. at 1965. Accordingly, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *LaLonde v. Textron, Inc.*, 369 F.3d 1, 6 (1st Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

B. The M & M Wyman Trust Never Existed, and Even if it Did, it Expired Prior to the Amendment to the Trust

    1. *Under Massachusetts Law The M & M Wyman Trust Never Existed*

When they created the Trust, the Wymans named themselves as the sole trustees and the sole beneficiaries of the Trust. Under Massachusetts law, "it is axiomatic that a purported trust in which the sole trustee is also the sole beneficiary is a nullity." *In re Szwyd*, 346 B.R. 290, 293 (Bankr. D. Mass. 2006), *aff'd* 370 B.R. 882 (1st Cir. B.A.P. 2007). Here, the Wymans were accountable to no one but themselves, and therefore the trust never existed. *See Szwyd* at 293; *Cunningham v. Bright*, 228 Mass. 385 (1917); Restatement (Second) of Trusts § 341(1) (2006). In 1986, when the Wymans purchased the Buzzards Bay Property as Trustees of the M & M Wyman Trust, they were the owners of the property from then, through and until the property was sold to Couto in April of 2008. Therefore, the federal tax liens that rose when the unpaid tax liabilities of the Wymans were assessed (as discussed infra) attached to the Buzzards Bay Property, and the United States has a right to enforce those liens.

The federal tax lien attaches to all "property and rights in property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. A delegate of the Secretary of the

Treasury made an assessments against the Wymans for unpaid taxes as follows: (1) as to Michael Wyman: April 29, 2002, November 13, 1995, December 23, 1996, November 25, 2002, September 20, 1999, February 14, 2000, November 20, 2000, November 25, 2002, October 12, 2007, October 12, 2007, and November 5, 2007, for the tax periods ending 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2001, 2004, 2005, and 2006, respectively; and (2) as to Maurice Wyman: October 24, 1994, December 4, 1995, December 30, 1996, November 25, 2002, April 5, 1999, January 10, 2000, December 11, 2000, November 26, 2001, November 25, 2002, October 22, 2007, October 22, 2007, and November 5, 2007, for the tax periods ending 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2004, 2005, and 2006, respectively.  On those dates, liens arose against all the property and rights in property belonging to Michael Wyman and Maurice Wyman, and it attached to the Wyman's interests in the Buzzards Bay Property.  Notices of Federal Tax Liens were filed with the Barnstable County Registry of Deeds, prior to the time Couto purchased the property (*see* Complaint in Intervention ¶ 7).  Thus Couto was on notice of the federal tax liens, and Couto was also on notice of the Trust, because the deed into its grantors, the Wymans, references the recorded Declaration of Trust, and a simple perusal of that document would reveal its invalidity.  Because the United States' liens have attached to the Buzzards Bay Property, and because the liens attached before the Wymans' sold the property to Couto, the United States may bring–and has brought–an action to enforce its liens on the Buzzards Bay Property pursuant to 26 U.S.C. § 7403.[2]

---

[2] The United States' argument could end here, but in the event the Court determines that the Trust was valid, the United States continues its argument that the Trust expired on August 31, 1992.

2.      *If the Trust Existed, Then By Its Terms It Expired on August 31, 1992*

In moving to dismiss the United States' complaint, the Movants rely on the Trust, that it is a valid trust, and the provision allowing the term of the Trust to be extended where "necessary to liquidate and distribute the assets of the Trust." Movants seem to conclude that the Trust was extended simply because this language is included in the Trust. By the Trust's own language, however, the Trust is extended only where necessary to liquidate. Whether such an extension was "necessary" is a factual inquiry, and is therefore not properly before the court on a motion to dismiss. Even if that inquiry were before the Court, the Movants' own assertions that there was never an attempt to liquidate the assets of the Trust would indicate that there was no pressing need to liquidate the Trust's assets, and therefore the Trust was not extended.[3] There is no evidence that additional time was "necessary to liquidate and distribute the assets of the Trust," or that an attempt to distribute or liquidate the assets of the Trust was even made. The Movants' argument assumes that because Trust could have been extended under certain circumstances, the Trust was in fact extended.[4]

The Movants cite cases with factual determinations, and all are distinguishable from the case at bar, which has its own factual scenarios. Those cases hold that: (1) deferred liquidation

---

[3] As indicated, the United States submits that the issue of whether the Trust was extended is a factual issue that is more appropriately addressed on summary judgment. Should the Court determine that the issue should be addressed, the United States requests that it be allowed to file a brief in support of its position on the extension issue.

[4] Indeed, the Movants' own assertions support the opposite conclusion. Movants admit that in the time following the expiration of the trust and up until the filing of the NFTL, there was no attempt to liquidate or distribute the assets of the trust, and assert rather that the trust increased its holdings by purchasing additional property.

may be recommended in a depressed stock market (*Boston Safe Deposit and Trust Co., v. Boone*, 21 Mass. App. Ct. 637, 641 (1986)); (2) that trusts can continue after the time period for the trust expires for assets to be sold under settled market conditions (*Cronan v. Cronan*, 286 Mass 497, 502 (1934)); and (3) a trust remains in effect until distributions and conveyances have been made (*Rothwell v. Rothwell*, 283 Mass. 563, 570 (1933)); These are distinguishable from our case, as those all deal with accomplishing the purposes of a trust and with selling assets, and deferring liquidation.  In the instant case, the only purpose in the Trust continuing past the twenty (20) year period, which expired on August 31, 1992, was to liquidate and distribute the assets of the Trust.  No attempts at liquidation were ever made after August 31, 1992, and only fourteen (14) months later, did the Trustees execute and file an Amendment to the Trust, extending it for another twenty (20) years, which is in direct conflict with ¶ N of the Trust which states that:

> The Trustees may at any time amend, alter or terminate this Declaration of Trust, provided however, that **no such alteration or amendment may be made which shall extend the term of this Trust beyond the term hereof** or change the interest of any beneficiary hereunder... (emphasis added) *see* docket # 18-1, ¶ N.

This indicates that the Trust cannot be extended beyond its original twenty year term.

The Movants also mischaracterize the holding in *Ventura v. Ventura*, 407 Mass 724. (1990).  That case does not hold that any trustee is given the authority to wind up the trust affairs after a twenty year term, but that in that specific case where the trust said "the Trustee *shall* have authority after the termination of this trust to perform any duty and all acts necessary to terminate this trust ..." *Id*. at 730, n. 3 (emphasis added), indicates that in that specific case the Trustee had the authority to wind up the affairs, but did not exercise that authority.  In the Wymans' Trust, it is clear that after twenty years, the Trust was to be wound up, and continue on

only as "necessary to liquidate and distribute the assets of the Trust."  *See* docket # 18-1, ¶ O.

### III.  CONCLUSION

For the foregoing reasons, both the plaintiff Commonwealth of Massachusetts' motion to dismiss (docket # 22), and the defendant/third party plaintiffs Couto's Realty Investment Co., II, LLC, and Sovereign Bank's motion to dismiss (docket # 17) should be denied.

Respectfully Submitted,

JOHN DiCICCO
Acting Assistant Attorney General
Tax Division, U.S. Dept. of Justice

*/s/ Andrea A. Kafka*
ANDREA A. KAFKA
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, DC 20044
Phone: 202-305-7932; Fax: 202-514-5283
E-mail: Andrea.Kafka@usdoj.gov

CERTIFICATE OF SERVICE

      I certify that on September 30, 2010, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

      Gordon M. Orloff, Esquire
      Gareth I. Osmond, Esquire
      Jeffrey Ogilvie, Esquire
      Robert A. Bianchi, Esquire

Parties may access this filing through the Court's CM/ECF system.

                */s/ Andrea A. Kafka*
                ANDREA A. KAFKA
                Trial Attorney, Tax Division
                U.S. Department of Justice