**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

                                                                CIVIL ACTION NO. 10-CV-10891-PBS
                                                                MAGISTRATE JUDGE
                                                                JENNIFER C. BOAL

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, by and through NAVJET BAL, COMMISSIONER OF THE DEPARTMENT OF REVENUE OF THE COMMONWEALTH OF MASSACHUSETTS, | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| COUTO'S REALTY INVESTMENT CO., II, LLC and SOVEREIGN BANK, | ) ) ) |
| Defendants and Third Party Plaintiffs, | ) ) ) |
| v. | ) ) |
| MAURICE B. WYMAN and MICHAEL P. WYMAN, individually and as Trustees of M&M WYMAN TRUST, | ) ) ) ) ) |
| Third Party Defendants, | ) ) |
| and | ) ) |
| UNITED STATES OF AMERICA, Party-in-interest. | ) ) ) ) |

**DEFENDANTS' REPLY BRIEF CONCERNING THEIR MOTION TO DISMISS**
**(LEAVE TO FILE GRANTED ON OCTOBER 22, 2010)**

Couto's Realty Investment Company II, LLC ("Couto's") and Sovereign Bank ("Sovereign") hereby submit this reply brief in connection with their motion to dismiss the complaint in intervention filed by the United States of America ("USA").

I.  THE TRUST DID NOT FAIL AT ITS INCEPTION.

The USA's unambiguous position in its complaint in intervention is that the M & M Wyman Trust (the "Trust") expired before the NFTL's were recorded.  Thus, in paragraph 10 of that complaint the USA asserts, "On August 31, 1992, the date of the Trust's expiration, all Trust property … reverted to the Trust beneficiaries."  Similarly, the USA alleges in paragraph 12, "Due to the Trust's expiration on August 31, 1992, at the time of the assessments … as well as the time of the purported transfer to Couto … Maurice Wyman and Michael Wyman were the owners of the Property, and as such, the United States' tax liens attached to said Property." Notwithstanding these clear statements, the first ground for the USA's opposition to the motion to dismiss is that, due to merger, the Trust "never existed."  [Docket #31, p. 6]  This claim is not articulated in the complaint in intervention.

In any event, the USA's analysis of the law on the merger of trusts is inaccurate.  It is true that merger of title occurs when one is "both the **single** trustee and the **sole** beneficiary of the same estate." *Cunningham v. Bright*, 228 Mass. 385, 389 (1917) (emphasis added). *See also* Restatement (Second) of Trusts § 99(5) (1959) ("The sole beneficiary of a trust cannot be the sole trustee of the trust.").  However, "[i]f there are several beneficiaries of a trust, the beneficiaries may be the trustees."  Restatement (Second) of Trusts § 99(4) (1959). *See also Id. at* § 115(4) ("If there are several trustees of a trust, the trustees may be the beneficiaries of the trust"); 2 Scott on Trusts, §§ 99.5, 100, 115 (4th ed. 1987) (same); *Mahoney v. Board of Trustees*, 973 F.2d 968, 971 (1st Cir. 1992) ("under the common law of trusts, trustees may be

included among the beneficiaries of a trust." (citations omitted)). The cases cited by the USA are inapposite because they address only trusts where the same individual was the sole trustee and the sole beneficiary. In contrast, the Trust at issue here was valid because there was not a single trustee and beneficiary.

II.     THE TRUST DID NOT TERMINATE IN 1992.

The USA cites no case or other authority to support its claim that the Trust terminated on August 31, 1992. Rather, the USA belatedly acknowledges that the Trust "was to be wound up, and continue on only as 'necessary to liquidate and distribute the assets of the Trust.'" [Docket #31, pp. 9-10][1] Further, the USA does not allege that the assets of the Trust were liquidated or distributed before either the extension of the Trust or the conveyance by the Trust to Couto's. As a result, the authorities cited by Couto's and Sovereign in their principal brief control and require a ruling that the Trust did not terminate on its twentieth anniversary.

The USA also relies on paragraph N of the Trust, which it argues prohibits extensions of the Trust's term. However, the USA ignores *Tretola v. Tretola*, 61 Mass. App. Ct. 518, 524 (2004), which held that an amendment of a terminated trust was "a new or revived declaration of trust…." *Id. See also* 4 Scott on Trusts §331 (4th ed. 1987) (when all beneficiaries consent, a settlor may modify trust in which he has not reserved the power to do so).[2]

---

[1] The USA still seeks to minimize the import of this language by failing to provide all of the relevant text, which is as follows: "The trust … shall last for twenty (20) years from the date of this instrument, **and for whatever period of time is necessary** to liquidate and distribute the assets of the Trust." [Docket #18-1 (emphasis added)].

[2] Defendants also note that the last two NFTL's at issue (totaling almost $1.19 million) were not recorded by the USA until September 3, 2008. [Complaint in Intervention ¶7; Defendants' Memorandum of Law in Support of Their Motion to Dismiss Complaint in Intervention, Exh. D] By that date, the Property was owned by Couto's and subject to the Sovereign mortgage, both of which had been recorded with the Registry on April 24, 2008. *USA Complaint,* ¶¶ 10, 15. Thus, the September 3, 2008 NFTL's against the Wymans were too late to attach to the Property, which they no longer owned.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in their principal brief, Couto's and Sovereign respectfully submit that the Court should grant their motion to dismiss the USA's Complaint for failing to state a claim upon which relief can be granted.

COUTO'S REALTY INVESTMENT CO., II, LLC, and SOVEREIGN BANK

By their attorneys,

/s/ Gordon M. Orloff
Gordon M. Orloff, BBO No. 544306
gorloff@rackemann.com
Gareth I. Orsmond, BBO No. 633031
gorsmond@rackemann.com
RACKEMANN, SAWYER & BREWSTER
160 Federal Street
Boston, Massachusetts 02110
(617) 542-2300

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 13, 2010.

/s/ Gordon M. Orloff
