**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

                                                CIVIL ACTION NO. 10-CV-10891-PBS
                                                MAGISTRATE JUDGE
                                                JENNIFER C. BOAL

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, by and through NAVJET BAL, COMMISSIONER OF THE DEPARTMENT OF REVENUE OF THE COMMONWEALTH OF MASSACHUSETTS, | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| COUTO'S REALTY INVESTMENT CO., II, LLC and SOVEREIGN BANK, | ) ) ) |
| Defendants and Third Party Plaintiffs, | ) ) ) |
| v. | ) ) |
| MAURICE B. WYMAN and MICHAEL P. WYMAN, individually and as Trustees of M&M WYMAN TRUST, | ) ) ) ) ) |
| Third Party Defendants, | ) ) |
| and | ) ) |
| UNITED STATES OF AMERICA, Party-in-interest. | ) ) ) ) |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN**
**CONNECTION WITH CROSS-SUMMARY JUDGMENT MOTIONS**
<u>**ON PLAINTIFF'S CLAIMS**</u>

## INTRODUCTION

Defendants Couto's Realty Investment Company II, LLC ("Couto's") and Sovereign Bank ("Sovereign") submit this memorandum of law pursuant to the Court's request at the December 22, 2010, hearing for additional briefing regarding the requirements of the second sentence of G.L. c. 62C, §50(a) (the "Second Sentence"). The Second Sentence provides:

> The lien shall also extend **to property or rights to property of a trust** with respect to tax amounts due from a grantor or other person treated as the owner of a portion of such trust by reason of sections 671-678 of the Code, and to property or rights to property of a disregarded entity with regard to tax amounts due from the owner of the entity, but with respect to real property and fixtures, **the lien shall not be valid against a mortgagee**, pledge, **purchaser** or judgment creditor **unless the notice** to be recorded … **includes therein the names of the persons in whom the record title to the real property** or fixtures **stands at the time of recording the notice**. (emphasis added).

The subject property in Bourne (the "Property") was owned by the M. & M. Wyman Trust (the "Trust") at the time the Commonwealth's notices of tax lien ("NMTL's") were recorded. At the hearing, the Commonwealth argued that references in its recorded NMTL's on the interests of Maurice Wyman and Michael Wyman satisfied the statutory requirements in the emphasized language in the last three lines quoted above despite the fact that those notices did <u>not</u> identify those individuals in their capacity as Trustees of the Trust. This contention is wrong as a matter of law.[1]

## ARGUMENT

The starting point for understanding the Second Sentence is the basic, well settled principle that a conveyance of land held in trust must reflect that the trustee is acting or bound in

---

[1] Although it was discussed at the hearing, the defendants respectfully submit that the relevant question is not whether the Trust is a "person." Rather, the relevant inquiry is whether the NMTL's included the names of the persons in whom the record title to the Property then stood, as required by terms of the Second Sentence.

that capacity, as opposed to in a personal capacity.[2] *See, e.g., Titcomb v. Currier*, 58 Mass. 591, 591 (1849) (A trustee of land cannot transfer his legal estate by a deed purporting only to convey all the right, title, and interest of the beneficiary); *Bongaards v. Millen*, 55 Mass. App. Ct. 51, 54-55 (2002) aff'd. 440 Mass. 10, 14 (2003) ("There is no description [in the subject deed] of the property as trust property…. Signing the deed as an individual, and not as trustee, D'Amore could bind only herself and not the trust." (citation omitted)); Restatement (Third) of Trusts §42, Comment C (2003) (a "trustee may not transfer the trust property … except … acting in a fiduciary capacity as trustee…."); Crocker's Notes on Common Forms § 337 (MCLE 2010) ("When someone executes a deed as trustee … the fact that he or she so executes it should be stated in the body of the deed …."). *Cf. Rogaris v. Albert*, 431 Mass. 833, 835-836 (2000) and cases cited therein ("the seller executed the agreement in his individual capacity only and, in such circumstances, the seller binds only himself and not the trust…. There is no indication from any language in the purchase and sale agreement that the seller was acting in his capacity as trustee of the trust…." (citations omitted)).

Consistent with this rule, the statutory form of deed for trustees and other fiduciaries opens by identifying the grantor as a trustee (or other fiduciary). G.L. c. 183 Appendix Form 3 (copy attached as Exhibit 1). Likewise, in order to affect title of real property held by a trust, instruments – including NMTL's and other liens of record – must reflect that the grantor is acting as a trustee.[3]

Recognizing this distinction between land held individually and land held in trust for another, the Legislature and the courts have consistently used 'standing in the name of' language

---

[2] A lien imposed on property is an involuntary conveyance. *See, e.g., LaChance v. Peerless Ins. Co.*, 36 Mass. App. Ct. 451, 453 (1994); *Flax v. Smith*, 20 Mass. App. Ct. 149, 154 (1985).

[3] Significantly, the Second Sentence opens by extending state tax liens to "property or rights to property **of a trust**," thereby recognizing the distinction between such property and property owned individually. (emphasis added).

similar to that in the Second Sentence in the context of special attachments and levies on executions. *See* M.G.L. c. 223, §67 ("the names of the persons in whom the record or legal title stands."), M.G.L. c. 236, §47 ("land or rights the record title to which fraudulently stands in the name of a person other than the debtor"). *See also* REBA Title Standard No. 38 (titled "Attachment of <u>Trust</u> <u>Property</u>"[4] and addressing special attachments under M.G.L. c. 223, §67: "1. An attachment in a suit against A does not impose a lien upon real estate, record title to which is in A as a trustee, unless the attachment includes a brief description of the real estate which has been attached **and also identifies A as such trustee**" (emphasis added.));[5] *Cunningham v. Bright,* 228 Mass. 385, 387 (1917) (Where the return of attachment "recited that he had 'specially attached' all the right, title and interest of Charles D. Wainwright in the described parcel, 'the record title to which stands in the name of Charles D. Wainwright, Trustee', … [i]t was not an inapt expression to term the attachment in this instance special…. The substance of the matter was an attachment of the land owned by Wainwright individually, **standing in his name as trustee**…. The record title was in him as trustee." (emphasis added)); *Millenium Equity Holdings v. Mahlowitz*, 456 Mass. 627, 633-634 (2010) (attachment placed a lien, not on Millennium, but on the 'right, title and interest to the amount of $500,000.00 of David I. Rabinovitz standing in the name of Millennium Equity Holdings, LLC.'"); *Virta v. Mackey*, 343 Mass. 286, 287 (1961) ("the property was attached as that of the defendant trustees standing in the name of the tenant to whom, it was contended, conveyance had been made by the trustees in fraud of creditors."); *Hudson Sav. Bank v. Plante, Trustee of Applerock Trust*, 23 Mass. L. Rptr. 523, 523 (Worcester Superior Ct., Jan. 14, 2008) (motion for levy of execution

---

[4] Compare to language of Second Sentence pertaining to "property of a trust."

[5] REBA is the Real Estate Bar Association. Its title standards for Massachusetts real estate lawyers may be found in Eno and Hovey, 28B Mass. Prac., Real Estate Law (4th Ed. 2004), and are referenced by courts. *See, e.g., Spillane v. Adams.*, 76 Mass. App. Ct. 378, 381 n. 9 (2010) review den. 456 Mass. 1108 (2010); *Kitras v. Town of Aquinnah*, 64 Mass. App. Ct. 285, 292 n. 5 (2005).

included "132 Century Mill Rd., Bolton, Mass. standing in the name of Applerock Realty Trust").

Put simply, the Legislature enacted the language in the Second Sentence regarding the "names of the persons in whom the record title to the real property … stands" understanding the foregoing, and that it was using a term of art with an established meaning.[6]

The Property consists of two abutting lots, one of which is registered land. At the time the NMTL's were recorded, the registered portion of the Property was held pursuant to Transfer Certificate of Title No. 94814, which names as the owners, "Michael P. Wyman and Maurice B. Wyman, Trustees of M. & M. Wyman Trust under a Declaration of Trust dated August 31, 1972 and recorded with Barnstable County Registry of Deeds in Book 1720, Page 308." (McGurk Aff. Exh. L-1). Similarly, at the time the NMTL's were recorded, the unregistered portion of the Property was held pursuant to a quitclaim deed dated May 6, 1987, and recorded at Book 5715, Page 26, identifying the same grantees (except that deed notes that the Trust was recorded "in" the Barnstable County Registry of Deeds, as opposed to "with" that Registry). (*Id.* Exh. L-2) These two instruments of title unambiguously identify as the Property's owner of record the Trust, or the Wymans **as the Trustees of the Trust**, not in their individual capacities.

Importantly, on page 8 of its principal brief MDOR concedes this fact, agreeing "that **record title** to the Bourne Property **stood in the name of the Wyman Trust** at all times prior to April 24, 2008, the date of the conveyance to Couto's Realty." (emphasis added). Any reversal of this written admission by MDOR should be barred, and, in any event, is not persuasive.[7]

---

[6] As noted in defendants' principal brief, "[t]he Legislature must be assumed to know the preexisting law and the decisions of this court." *Carr v. Howard*, 426 Mass. 514, 523 (1998) (citations omitted).

[7] At the hearing there also was discussion of the effect of a spendthrift provision. In this connection, the defendants note that that a spendthrift provision does not destroy a trust. Rather the rule is: "**A restraint** on the voluntary and involuntary alienation of a beneficial interest retained by the settlor of a trust is invalid." Restatement of Trusts (Third) §58(2) (2003) (emphasis added).

**CONCLUSION**

It is clear that, at the time the NMTL's were recorded, the Property stood in the names of "Maurice Wyman and Michael Wyman, Trustees of the M. & M. Wyman Trust." The NMTL's do not refer either to the Trust or to the Wymans in their capacities as Trustees of the Trust. Therefore, even assuming *arguendo* that the MDOR's liens attached to the Trust property, those liens are not "valid against" Couto's or Sovereign because MDOR failed to comply with the requirement of the Second Sentence that the NMTL's "include[] therein the names of the persons in whom the record title to the real property or fixtures … stands at the time of recording the notice."[8]

For the foregoing reasons, and for the reasons set forth in its principal brief, Couto's and Sovereign respectfully request that the Court grant them summary judgment against the MDOR and deny the MDOR's motion for summary judgment.

        COUTO'S REALTY INVESTMENT CO.,
        II, LLC, and SOVEREIGN BANK

        By their attorneys,

        /s/ Gordon M. Orloff
        Gordon M. Orloff, BBO No. 544306
        gorloff@rackemann.com
        Gareth I. Orsmond, BBO No. 633031
        gorsmond@rackemann.com
        RACKEMANN, SAWYER & BREWSTER
        160 Federal Street
        Boston, Massachusetts 02110
        (617) 542-2300

---

[8] In the unlikely event that the Second Sentence is deemed ambiguous, it must be construed against MDOR. *See Prudential Ins. Co. of America v. Commissioner of Revenue*, 429 Mass. 560, 564 (1999) ("[t]ax statutes are to be construed strictly….").

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 7, 2011.

                                   /s/  Gordon M. Orloff