IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, BY and THROUGH NAV JET BAL, COMMISSIONER OF THE DEPARTMENT OF REVENUE OF THE COMMONWEALTH OF MASSACHUSETTS, <br><br>        Plaintiff, <br><br>  v. <br><br>COUTO'S REALTY INVESTMENT CO., II, LLC, and SOVEREIGN BANK, <br><br>        Defendants and Third Party Plaintiffs, <br><br>  v. <br><br>MAURICE B. WYMAN and MICHAEL P. WYMAN, individually and as Trustees of the M&M WYMAN TRUST, <br><br>        Third Party Defendants, <br><br>and <br><br>UNITED STATES OF AMERICA, <br><br>        Party-in-interest. | Civil No: 1:10-cv-10891 <br><br> Judge Patti B. Saris <br><br> Magistrate Judge Jennifer Boal <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> ORAL ARGUMENT REQUESTED |

<u>UNITED STATES' OBJECTION TO MAGISTRATE'S RECOMMENDED DECISION</u>

The plaintiff, the United States of America, by its undersigned counsel, pursuant to 28 U.S.C. § 636(b)(1)(C), and FED. R. CIV. P. 72(b)(2), submits its objection to the Magistrate's Report and Recommendation that the United States' Complaint in Intervention be dismissed with prejudice & then the case be remanded the case to state court. This objection is timely filed, in

accord with FED. R. CIV. P. 72(b)(2), and the Magistrate's report and recommendation (docket # 51, pp. 16-17).  Notwithstanding the March 9, 2011 deadline, on March 8, 2011 the Court entered a docket entry accepting the Magistrate Judge's Report and Recommendations before the deadline.[1]

In short, the Magistrate Judge was mistaken in (1) dismissing the United States' Complaint in Intervention with prejudice because the issues are factual and would be properly dealt with on motions for summary judgment; (2) determining that the M&M Wyman Trust did not expire; and (3) recommending that the case remanding the case to state court, without first allowing the United States an opportunity to appeal.

## INTRODUCTION

The United States's Complaint in Intervention, filed on March 5, 2010, sought a judgment that this Court order the foreclosure of the United States' tax liens upon property described in the complaint, and that said property be sold by a proper officer of this Court according to law, free and clear of all rights, titles, liens, claims, and interests of the parties hereto, and that proceeds of such sales be distributed, after the costs of sale, to the United States and to the other parties in accordance with the law.  The United States based its claim on the fact that the M&M Wyman Trust (the "Trust") expired on August 31, 1992, despite the attempts of Maurice and Michael Wyman to "amend" the Trust on November 10, 1993 to extend it for an additional twenty (20)

---

[1] On March 8, 2011, after seeing the docket entry, the undersigned promptly called Judge Saris's docket clerk and was told that she should call back if the Untied States would be objecting.  An hour later, she left messages for Judge Saris's docket clerk and courtroom clerk indicating that the United States would be filing this objection and informing them that the docket entry was entered prior to the deadline for objections.

years.

Couto's Realty Investment Company II, LLC ("Couto") and the Commonwealth of Massachusetts (the "Commonwealth") filed motions to dismiss the United States' Complaint in Intervention on August 3, 2010, and August 30, 2010, respectively. On September 30, 2010, the United States opposed the motions to dismiss (docket # 30). Magistrate Judge Boal heard oral argument on the motions to dismiss on December 22, 2010; and on February 23, 2011 issued a Report and Recommendation, recommending that this Court grant the motions to dismiss and remand the case to state court (docket # 51).

ARGUMENT

This case hinges on a Trust and whether it existed, and if it did, whether it expired, by its very terms, on August 31, 1992. The United States, in its Complaint in Intervention stated a claim upon which relief could be granted. When considering a motion for dismissal under FED. R. CIV. P. 12(b)(6), the Court must accept as true well-pleaded allegations and give plaintiffs the benefit of all reasonable inferences, and dismiss only if the complaint presents no set of facts that justify recovery. *Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir. 1999). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (retiring the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Id*. at 1965. Accordingly, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *LaLonde v. Textron, Inc.*, 369 F.3d 1, 6 (1st Cir. 2004) (quoting

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The United States stands by its opposition to the respective motions to dismiss filed by Couto and the Commonwealth (collectively, the "Movants") on the grounds that in its complaint, it set forth a plausible claim that its liens attached to the property which only nominally appears to be held by the Trust. Furthermore, the claims at issue in this case, (1) would be properly dealt with on motions for summary judgment and not on a motion to dismiss; and (2) are the existence and expiration of the Trust. Additionally, the recommendation remanding the case to state court without first entering a judgment would procedurally improper.

I.  *The Issues of the Trust would be Properly Dealt with on a Motion for Summary Judgment*

In its opposition to the Movants' motions to dismiss, the United States argued that by the Trust's own language, the Trust is extended only where necessary to liquidate. Whether such an extension was "necessary" is a factual inquiry, and is therefore not properly before the court on a motion to dismiss. Even if that inquiry were before the Court, the Movants' own assertions that there was never an attempt to liquidate the assets of the Trust would indicate that there was no pressing need to liquidate the Trust's assets, and therefore the Trust was not extended. As the United States indicated previously, the issue of whether the Trust was extended is a factual issue that is more appropriately addressed on summary judgment, after a discovery schedule is set in order to determine whether the Trust did in fact expire on August 31, 1992.

In recommending that the court grant the Movants' motions to dismiss, the Magistrate Judge determined factual issues, and not jurisdictional ones. This is procedurally incorrect as the decision on whether the Trust existed and if it did, if it expired on August 31, 1992, deals with

factual issues about the Trust, its settlors, its trustees, and its beneficiaries that would properly be decided on a motion for summary judgment.

II. *The Trust Never Existed, and if It Did, Then by Its Terms it Expired on August 31, 1992*

    A. The Trust Never Existed

When they purported to create the Trust, Maurice and Michael Wyman, the settlors of the Trust, named themselves as the sole trustees and the sole beneficiaries of the Trust. Under Massachusetts law, "it is axiomatic that a purported trust in which the sole trustee is also the sole beneficiary is a nullity." *In re Szwyd*, 346 B.R. 290, 293 (Bankr. D. Mass. 2006), *aff'd* 370 B.R. 882 (1st Cir. B.A.P. 2007). Here, the Wymans were accountable to no one but themselves, and therefore the trust never existed. *See Szwyd* at 293; *Cunningham v. Bright*, 228 Mass. 385 (1917); Restatement (Second) of Trusts § 341(1) (2006).

The Magistrate Judge's Report and Recommendation cites *Mahoney v. Board of Trustees*, 973 F.2d 968, 971 (1st Cir 1992) and the Second Restatement of Trusts § 99 (1959) stating that trustees may be included among the beneficiaries of a trust. However, here we are not dealing with several individuals, we are dealing with two brothers, and as the United States argued, they are more likened to the standard set forth in *Szwyd*. Furthermore, the First Circuit has held that "a sole trustee who is also the settlor may be *one of two or more beneficiaries*." *Fay v. Markham*, 74 F.3d 1347, 1356 (1st Cir. 1996), citing *Sullivan v. Burkin*, 390 Mass. 864, 460 N.E.2d 572, 575 (1984) (emphasis added). Here the Wyman brothers were the sole settlors, the sole trustees, and the sole beneficiaries of the Trust and as such the Trust failed at its inception.

In the California case cited by the Magistrate Judge, *Auerbach v. Great Wesern Bank*, 74

Cal. App. 4th 1172 (1999), the position taken by the United States is the very position argued by those in the position of the Wymans in this case. There, the Auerbachs, the beneficiaries and trustees, argued, unsuccessfully, for merger in order to avoid the form of their own transaction to avoid a breach of contract claim. Here, the United States argues that the Trust fails because the Wymans used it as a cover for their assets and suspect business dealings. *Auerbach* has not been followed by a single case in California, nor in any other state, and the notion that a California case from an intermediate court should control in Massachusetts is unpersuasive.

    B. Even if the Trust Existed, it Expired Prior to the Amendment of the Trust

By the Trust's own language, the Trust is extended only where necessary to liquidate. Whether such an extension was "necessary" is a factual inquiry, and is therefore not properly before the court on a motion to dismiss. Even if that inquiry were before the Court, the Movants' own assertions that there was never an attempt to liquidate the assets of the Trust would indicate that there was no pressing need to liquidate the Trust's assets, and therefore even if the Trust existed, it was not extended. There is no evidence that additional time was "necessary to liquidate and distribute the assets of the Trust," or that an attempt to distribute or liquidate the assets of the Trust was even made. The Movants' argument adopted by the Magistrate Judge assumes that because the Trust could have been extended under certain circumstances, the Trust was in fact extended. The Magistrate Judge's Report and Recommendation states that the United States did not show that the Wymans ever liquidated the Trust's assets at the end of the initial twenty (20) year term. That is precisely the United States' argument – that it was never shown that the Wymans' attempted to liquidate during the (15) fifteen month period when the Trust was supposed to be liquidated, therefore the Trust expired

after the twenty (20) years as the Wymans did not follow the Trust's terms.

Furthermore, adopting the Magistrate's Report and Recommendation would lead to an inconsistent result with respect to the Commonwealth. The Commonwealth argues, as does the United States, that state tax liens arising out of assessments of the same two taxpayers, Maurice and Michael Wyman attach, despite the creation of the Trust. It is inconsistent to allow the Commonwealth's liens, filed against the Wymans, individually, just as the United States' liens are filed, to attach to the property in question, without also allowing the United States' liens to attach. The Commonwealth's liens cannot attach unless the United States' liens also do. The Commonwealth, rather than trying to dismiss the United States' complaint, should more appropriately adopt the United States' arguments that the Trust either failed or expired. It is inconsistent for the Commonwealth to join Couto's argument that the "amendment" extended the Trust for an additional twenty (20) years, because if it did, the Commonwealth does not get its liens to attach to the property at issue.

III. *Even if the United States is Not Successful on its Trust Argument, it is Improper to Remand the Case to State Court Without First Providing an Opportunity for Appeal*

Should the United States fail in its argument, the proper disposition of the case at this juncture would be to: a) dismiss the Complaint, b) issue a rule 54(b) certification, and c) then remand the balance to the state court.

According to FED. R. CIV. P. 54(b),

> When an action presents for than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however

> designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). Here recommending that the Court dismiss the United States' Complaint with prejudice and remand the case to state court does not provide for a formal judgment in this case. The court must first certify a final judgment in accord with FED. R. CIV. P. 54(b), so that the United States is afforded an opportunity to appeal the decision. *Barrett v. United States*, 462 F.3d 28, 32 (1st Cir. 2006). Recommending that the case be remanded to state court, without first certifying a judgment against the United States is procedurally improper.

## CONCLUSION

The United States Complaint in Intervention should not be dismissed, and the Magistrate Judge's Report and Recommendations should be rejected. There is a factual inquiry to be made with regard to the Trust, and whether the Trust ever existed, and if it did, if it expired.

Additionally, remanding the case to state court without first certifying a judgment is improper.

The United States requests oral argument on this opposition.

        Respectfully Submitted,

        JOHN DiCICCO
        Deputy Assistant Attorney General
        Tax Division, U.S. Dept. of Justice

        */s/ Andrea A. Kafka*
        ANDREA A. KAFKA
        Trial Attorney, Tax Division
        United States Department of Justice
        P.O. Box 55, Ben Franklin Station
        Washington, DC 20044
        Phone: 202-305-7932; Fax: 202-514-5283
        E-mail: Andrea.Kafka@usdoj.gov

CERTIFICATE OF SERVICE

       I certify that on March 9, 2011, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

       Gordon M. Orloff, Esquire
       Gareth I. Osmond, Esquire
       Jeffrey Ogilvie, Esquire
       Robert A. Bianchi, Esquire

Parties may access this filing through the Court's CM/ECF system.

       */s/ Andrea A. Kafka*
       ANDREA A. KAFKA
       Trial Attorney, Tax Division
       U.S. Department of Justice